

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-23-2003

# USA v. Schaeffer

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Schaeffer" (2003). *2003 Decisions.* Paper 192.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-1291

———

UNITED STATES OF AMERICA

v.

KEITH SCHAEFFER,
Appellant

———

On Appeal from the United States District Court
for Eastern District of Pennsylvania
(D.C. No. 01-cr-00093-8)
District Judge:  Hon. Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2003

Before:  SLOVITER, ROTH, and CHERTOFF, Circuit Judges

(Filed October 23, 2003)

———

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Keith Schaeffer pled guilty to three counts of a 32-count indictment returned against him and his eight co-defendants. The counts to which Schaeffer pled guilty were (1) conspiracy to operate a "chop shop" and to remove and alter Vehicle Identification Numbers (VINs) and to possess vehicles with altered VINs with intent to sell, in violation of 18 U.S.C. § 371 (Count 1), (2) illegally altering and removal of a VIN from a motorcycle and aiding and abetting, in violation of 18 U.S.C. §§ 511 and 2 (Count 2), and (3) possession of motorcycles with altered VINs with the intent to sell and aiding and abetting, in violation of 18 U.S.C. § 2321 and 2 (Count 18).

Schaeffer entered into a written plea agreement that gave the Government the discretion to make whatever sentencing recommendation it deemed appropriate and gave it the right to comment on the evidence and circumstances of the case and to bring to the court's attention all facts relevant to sentencing. Schaeffer and the Government entered into a number of stipulations under the Sentencing Guideline Manual, effective November 1, 1998, which included a stipulation that Schaeffer's base offense level was 8; the retail value of the motor vehicles and parts exceeded $70,000 but was less than $120,000, thereby increasing Schaeffer's adjusted offense level by six; the loss was caused in furtherance of the criminal activity jointly undertaken by Schaeffer and his co-conspirators and was within the scope of the defendant's agreement, and the amount of the loss was reasonably foreseeable to Schaeffer in connection with the conspiracy; and

2

his guideline range should be calculated based on this amount pursuant to Guideline section 1B1.3.

The parties also stipulated that Schaeffer was in the business of receiving and selling stolen property, which increases the adjusted offense level by two. However, he was given credit for acceptance of responsibility which entitled him to a two-level reduction. Because he had assisted authorities in the investigation and prosecution of his own misconduct, Schaeffer was given an additional one-level downward adjustment. The Government had not undertaken to file a § 5K1.1 motion, and did not do so. The District Court accepted the presentence investigation report (PSI). Schaeffer was sentenced to 22 months' imprisonment, which was within the applicable guideline range of 18 to 24 months.

Counsel for Schaeffer has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Under Anders, if counsel is convinced after conscientious investigation that the appeal is frivolous, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. See id. at 741-42, 744. To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and then "explain why the issues are frivolous." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000).

In this case, counsel has concluded that there are not properly presented and preserved issues on which he could reasonably base an argument to secure meaningful

appellate review and/or relief for Schaeffer. He notes that Schaeffer essentially asserts three claims for appeal: that he should receive a reduction for being a minor participant in the conspiracy; that he should be entitled to a § 5K1.1 motion for reduction of sentence because he cooperated with the Pennsylvania State Police; and that the amount of the restitution for which he should be held responsible is one-fourth of the amount imposed by the court.

As noted in the <u>Anders</u> brief, Schaeffer's counsel did not file an objection to the PSI nor did he raise any issue regarding the applicable sentencing guidelines. Counsel explains why the issues that Schaeffer asserts would not be persuasive. Counsel has therefore fulfilled his obligation under <u>Anders</u> to assert the relevant issues and explain his reasons why they are not persuasive.

Schaeffer, as authorized under <u>Anders</u>, has filed a <u>pro</u> <u>se</u> brief to be considered in addition to that filed by counsel. After Schaeffer received the Government brief, Schaeffer filed a responsive brief in which he withdrew several of the arguments raised in his initial <u>pro</u> <u>se</u> brief but emphasizes four arguments. Counsel's brief and Schaeffer's two briefs, taken together, are sufficient to guide our review of the record.

In Schaeffer's responsive brief, he contends first that the amount of restitution that the court ordered him to pay should be divided equally between him and his co-defendants who participated in the theft of the five motorcycles for which he was indicted. We find this argument unpersuasive.

4

The District Court imposed a direction that Schaeffer pay restitution in the amount of $40,695 because Schaeffer was involved in the theft of five separate motorcycles. Although he pled guilty only to charges for two incidents of motorcycle theft, we have held that a district court may hold each co-conspirator jointly and severally liable for the full amount of the loss in order to permit victims to recover losses for all or some of the defendants. See United States v. Diaz, 245 F.3d 294, 312 (3d Cir. 2001); United States v. Hunter, 52 F.3d 489, 494-95 (3d Cir. 1995). The value of the five motorcycles in the list presented to the District Court totaled $40,695. Although the District Court did not expressly state that its restitution order as to Schaeffer was based on its imposition of joint and several liability, it is evident that it was because the PSI, which the Court adopted, as well as Schaeffer's guilty plea agreement stated that the fraud loss was caused in furtherance of jointly undertaken criminal activity by Schaeffer and his co-conspirators and was reasonably foreseeable. Nonetheless, as we are remanding, we will direct the District Court to make explicit its intention with respect to joint and several liability.

Next, Schaeffer argues in his pro se brief that the District Court committed plain error by failing to find that his prior offenses of August 1997 were related. Essentially, this argument is that the PSI incorrectly assessed three criminal history points for his prior offenses described in ¶¶ 37, 38 and 39 of the PSI. Schaeffer claims that these offenses stem from the same arrest and therefore they should have been assessed only one point, not three. Initially the Government argued that there was no error because under our

precedent in United States v. Hallman, 23 F.3d 821, 824-25 (3d Cir. 1994), prior sentences are by definition unrelated for purposes of § 4A1.2 if the offenses were separated by an intervening arrest. The Government concedes, after examining the criminal files for these cases in Berks County, that the offenses were not separated by intervening arrests as the PSI indicates. Therefore, Schaeffer is correct in his argument that he should be assessed only one, not three, criminal history points. The Government argues that this would not change Schaeffer's criminal history category because he would remain in criminal history category III.

However, Schaeffer argues that his criminal history category would indeed change because he was assigned one point toward his criminal history for harassment when he should not have been. Schaeffer's theory is that harassment is a summary offense which carries only a $300 fine rather than any probation or incarceration. The Government responds that under § 4A1.2(c) of the Sentencing Guidelines, all sentences for misdemeanors and petty offenses are to be counted, with the exception of certain listed offenses "and offenses similar to them." The offense of harassment is not specifically listed as one of the exceptions. Thus, the question is whether it is "similar" to one of the listed exceptions. We note that this court in United States v. Elmore, 108 F.3d 23 (3d Cir. 1997), found that harassment (under Pennsylvania law) was not similar to the listed offense of disorderly conduct.

The Government argues that the crimes that are on the list are not directed against

6

other persons or crimes of violence, such as the crime of disorderly conduct, or public order offenses. It therefore argues that the District Court properly counted Schaeffer's harassment offense in calculating his criminal history. We believe that the issue is not as clear cut as the Government asserts. Some of the listed offenses could be directed at other persons, such as resisting arrest or certain motor vehicle violations. The District Court did not consider this issue because Schaeffer pled guilty. We believe that this issue should be considered in the first instance by the District Court, which can, if appropriate, revise Schaeffer's sentence accordingly.

Finally, Schaeffer claims ineffective assistance of counsel. As this court has stated numerous times, we generally do not hear claims of ineffective assistance of counsel on direct appeal as the record on that issue is ordinarily incomplete. See United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003).

Accordingly, for the reasons set forth above, we will affirm the judgment of conviction but will remand this matter to the District Court for its reconsideration of the judgment of sentence. We offer no opinion on the latter.

_____

TO THE CLERK:

        Please file the foregoing opinion.

        /s/ Dolores K. Sloviter
        Circuit Judge